IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAGALY DIAZ and GARY DIAZ, H/W<br>2226 S. Broad Street<br>Philadelphia, PA 19145<br><br>vs.<br><br>THE CHEESECAKE FACTORY<br>251 Geary Street<br>8th Floor<br>San Francisco, CA 94102<br>and<br>THE CHEESECAKE FACTORY, RESTAURANTS,<br>INC., INDIVIDUALLY & d/b/a THE CHEESECAKE<br>FACTORY<br>26950 Agoura Road<br>Calabasas Hills, CA 91301<br>and<br>THE CHEESECAKE FACTORY, INC., Individually &<br>d/b/a THE CHEESECAKE FACTORY<br>26950 Agoura Road<br>Calabasas Hills, CA 91301<br>                           *Defendants* | CIVIL ACTION<br><br><br><br><br><br><br>NO. 04cv1267 |

## CIVIL ACTION - COMPLAINT

**PARTIES:**

1. Plaintiff, Magaly Diaz, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein at 2226 S. Broad Street, Philadelphia 19145.

2. Plaintiff, Gary Diaz, is an individual citizen and resident of the Commonwealth of Pennsylvania, County of Philadelphia, residing therein with his wife, Plaintiff, Magaly Diaz, at 2226 S. Broad Street, Philadelphia 19145.

3. Defendant, The Cheesecake Factory, is a proprietorship, partnership and/or corporation organized and existing by virtue of the laws of the State of California with a principal place of business located therein at 251 Geary Street, 8th Floor, San Francisco, California 94102, which business, at all times material hereto owned, operated, managed and maintained a restaurant on the eighth floor of its premises for business invitees, such as Plaintiff, Magaly Diaz and is engaged in the business of manufacturing, selling and distributing food for consumption to the general public.

4. Defendant, The Cheesecake Factory Restaurants, Inc., individually & d/b/a The Cheesecake Factory, is a corporation organized and existing by virtue of the laws of the State of California with a principal place of business located therein at 26950 Agoura Road, Calabasas Hills, California 91303, which Defendant at all times material hereto owned, operated, managed and maintained restaurants throughout the country, as that restaurant in San Francisco, California as highlighted above, and was engaged in the business of manufacturing, selling and distributing food for consumption to the general public.

5. Defendant, The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory, is a corporation organized and existing by virtue of the laws of the State of California with a principal place of business located therein at 26950 Agoura Road, Calabasas Hills, California 91303, which Defendant at all times material hereto owned, operated, managed and maintained restaurants throughout the country, as through restaurant in San Francisco, California as highlighted above, and was engaged in the business of manufacturing, selling and distributing food for consumption to the general public.

**JURISDICTION:**

      6.      This Court has jurisdiction by virtue of the diversity of citizenship of the parties pursuant to the provisions of 28 U.S.C. §1332 and 28 U.S.C. §1441, et seq.

**FACTS:**

      7.      On or about September 30, 2002, Plaintiff, Magaly Diaz, while dining at the Cheesecake Factory at 251 Geary Street, 8th Floor, San Francisco, California 94102, with her two (2) children, Cindy Diaz and Gary Diaz, and her son-in-law to be at the time, Jay Ganaden and, upon attempting to consume an order of factory Nachos served by said Defendants, as referenced above, was caused to bite down on a hard piece of plastic that was contained within her Factory Nachos, thereby causing her to sustain permanent and serious injuries which will hereinafter be more fully described.

## COUNT I

## MAGALY DIAZ VS. ALL DEFENDANTS

## NEGLIGENCE

      8.      Plaintiff, Magaly Diaz, hereby incorporates by reference hereto paragraphs one through seven inclusively, as if the same were fully set forth herein at length.

      9.      Defendants, The Cheesecake Factory, individually & d/b/a **The Cheesecake Factory Restaurants; Inc.**, The Cheesecake Factory, The Cheesecake Factory, Restaurants, Inc., individually & d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory, were negligent and are liable to Plaintiff, Magaly Diaz, for her injuries for the following reasons:

      (a)      Defendants regularly furnish the aforementioned food to the public as

distributor and seller;

    (b) Defendants owe a high duty of care in furnishing the aforementioned food product to the general public, and those individuals such as Plaintiff;

    (c) Defendants failed to inspect the subject food product in an effort to discover the defective condition of the food product and thereafter refuse to serve same to the general public;

    (d) Defendants breached their duty of care in that they furnished the subject food product to Plaintiff which was unwholesome and not fit for human consumption;

    (e) Defendants knew, or reasonably should have known that the aforementioned food product they furnished to Plaintiff was unwholesome and not fit for human consumption; and,

    (f) Plaintiff's injuries set forth herein were the direct and proximate result of the Defendants' negligence.

    10. As a result of the aforesaid Defendants' negligence, Plaintiff, Magaly Diaz, was caused to sustain serious and permanent injuries in, on and about her person, including, but not limited to a fracture of teeth nos. 4 and 5; a fracture on the mesial and buccal aspect of tooth no. 30, a shifting and/or dislodging of interior bridge at teeth nos. 6, 7, 8, and 9; root canal therapy at teeth nos. 4, 5 and 30; extensive pain, numbness and weakness at the fracture site; jaw pain, and an inability to eat and/or chew certain food products, all of which have caused her and will continue to cause her a great deal of pain, suffering and inconvenience, and all of which are permanent in nature, character and duration.

    11. As a result of the aforementioned injuries Plaintiff, Magaly Diaz, has been compelled to expend voluminous sums of money for medicine and medical attention in an

attempt to cure herself of her injuries, all to her great financial detriment and loss.

    12.    As a further result of the aforementioned injuries Plaintiff, Magaly Diaz, has been prevented from attending to her usual and customary duties, avocations and occupations, thereby causing her to sustain a loss of earnings and/or earning capacity, all to her great financial detriment and loss.

    WHEREFORE, Plaintiff, Magaly Diaz, hereby demands judgment against Defendants, The Cheesecake Factory, individually & d/b/a The Cheesecake Factory Restaurants, Inc., The Cheesecake Factory, The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II

## MAGALY DIAZ VS. ALL DEFENDANTS

## STRICT LIABILITY

    13.    Plaintiff, Magaly Diaz, hereby incorporates by reference hereto paragraphs one through twelve, inclusively, as if the same were fully set forth herein at length.

    14.    Defendants, The Cheesecake Factory, individually & d/b/a The Cheesecake Factory Restaurants, Inc., The Cheesecake Factory, The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually & d/b/a The Cheesecake Factory and John Doe #s 1-3, are strictly liable for the injuries to Plaintiff, Magaly Diaz, and resulting damage for the following reasons:

    (a)    Defendants regularly furnished food including the aforementioned factory Nachos to the general public as distributor and seller;

    (b)    The aforementioned food furnished by Defendants to Plaintiff was

intended to be consumed by members of the general public;

      (c)    Plaintiff, Magaly Diaz, obtained the aforementioned food without substantial change in the condition in which it was furnished by Defendants;

      (d)    The aforementioned food was not fit for human consumption and was unreasonably dangerous to Plaintiff when it was furnished by Defendants;

      (e)    Defendants knew that the said factory Nachos was to be consumed without inspection for defects; and,

      (f)    Plaintiff, Magaly Diaz's consumption of the aforementioned food and its unfitness caused physical harm to Plaintiff

15.    As a direct result of Plaintiff, Magaly Diaz's consumption of the aforementioned factory Nachos furnished by Defendants, Plaintiff suffered those injuries and damages set forth in paragraphs eleven through thirteen, inclusively, which paragraphs are incorporated herein by reference as if the same were fully set forth herein at length.

WHEREFORE, Plaintiff, Magaly Diaz, hereby demands judgment against Defendants, The Cheesecake Factory, individually & d/b/a The Cheesecake Factory Restaurants, Inc., The Cheesecake Factory, The Cheesecake Factory Restaurants, Inc., individually and d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually and d/b/a The Cheesecake Factory, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III

## MAGALY DIAZ VS. ALL DEFENDANTS

## BREACH OF WARRANTY

16.    Plaintiff, Magaly Diaz, hereby incorporates by reference hereto paragraphs one

through fifteen, inclusively, as if the same were fully set forth herein at length.

17. Defendants are liable for the injuries to Plaintiff for breach of warranty for the following reasons:

(a) Defendants regularly furnish the aforementioned food to the general public as distributor and seller;

(b) the food furnished by Defendants to Plaintiff, Magaly Diaz, was intended to be consumed by members of the general public;

(c) Defendants impliedly warranted that the food furnished was fit for human consumption;

(d) Plaintiff relied upon Defendants' warranty that the aforementioned food was fit for human consumption;

(e) the aforementioned food furnished by Defendants to Plaintiff was not fit for human consumption and was deleterious to human health.

18. As a direct result of the Defendants' breach of warranty and Plaintiff's consumption of the aforementioned food furnished by Defendants, Plaintiff suffered those injuries and damages set forth in paragraphs eleven through thirteen, inclusively, which paragraphs are incorporated herein by reference as if the same were fully set forth herein at length.

WHEREFORE, Plaintiff, Magaly Diaz, hereby demands judgment against Defendants, The Cheesecake Factory, individually & d/b/a The Cheesecake Factory Restaurants, Inc., The Cheesecake Factory, The Cheesecake Factory Restaurants, Inc., individually and d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually and d/b/a The Cheesecake Factory, in an amount not in excess of One Hundred Fifty Thousand Dollars

($150,000.00).

## COUNT IV

### GARY DIAZ VS. ALL DEFENDANTS

### LOSS OF CONSORTIUM

19. Plaintiff, Gary Diaz, hereby incorporates by reference hereto paragraphs one through eighteen, inclusively, as if the same were fully set forth herein at length.

20. As a result of the aforesaid injuries sustained by Plaintiff, Magaly Diaz, as a sole result of the negligence of the Defendants, Plaintiff, Gary Diaz, has been damaged in that he has been and will continue to be deprived of the aid, comfort, companionship, services and consortium of his wife, Plaintiff, Magaly Diaz, and has been forced to expend various sums of money for medicine and medical attention in an effort to treat and cure his wife of her injuries, and to have essential services performed during the duration of her physical impairment, all to his great financial detriment and loss.

WHEREFORE, Plaintiff, Gary Diaz, hereby demands judgment against Defendants, The Cheesecake Factory, individually & d/b/a The Cheesecake Factory Restaurants, Inc., The Cheesecake Factory, The Cheesecake Factory Restaurants, Inc., individually and d/b/a The Cheesecake Factory, and The Cheesecake Factory, Inc., individually and d/b/a The Cheesecake Factory, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

VINCENT J. BONAVENTURA, JR., ESQUIRE
Attorney I.D. No. 67016
Eight Penn Center, Suite 1900
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 563-4440
Attorney for Plaintiff

## VERIFICATION

Magaly Diaz, hereby states that she is the Plaintiff herein; that the Complaint in Civil Action contained herein is true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of perjury under the laws of the United States of America relating to unsworn falsification to authorities.

_____
MAGALY DIAZ

JS 44
(Rev. 3/99)



# CIVIL COVER SHEET

04cv1267

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Magaly Diaz & Gary Diaz

**DEFENDANTS**
The Cheesecake Factory, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: STATE OF CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Vincent J. Bonaventura, Jr., Esquire
11 Woodhurst Drive
Voorhees, NJ 08043  (856) 848-2217

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [X]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [X]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**TORTS — PERSONAL INJURY**
[X] 365 Personal Injury — Product Liability

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

385

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 3-16-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

MAR 19 2004

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT 04CV1267   APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2226 S. Broad Street, Philadlephia, PA  19145

Address of Defendant: 26950 Agoura Road, Calabasas Hills, California 91301

Place of Accident, Incident or Transaction: Cheesecake Factory, 251 Geary St, 8th Fl, San Fransico CA 94102
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Consuming Food
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Vincent J. Bonaventura, Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;   $150,000.00

☐ Relief other than monetary damages is sought.

DATE: 3/23/04   _____ Attorney-at-Law   67016 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/23/04   _____ Attorney-at-Law   67016 Attorney I.D.#

APPENDIX I



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Magaly Diaz | : | CIVIL ACTION |
| v. | : | |
| The Cheesecake Factory, et al. | : | NO. 04CU 1267 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 3/22/04 | Vincent J. Bonaventura | Magaly & Gary Diaz |
| Date | Attorney-at-law | Attorney for Plaintiffs |
| (215) 563-4440 | (215) 563-4448 | swbruccoleri@verizon.net |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02